Christian, J.,
delivered the opinion oí the court.
The question upon which, in the main, the controversy in this case must.be determined, arises upon the true construction to be given to the third clause of the will of the testator, Henry Lipscomb, which is in these words: “Item 3d. I give to my niece, Elizabeth Lipscomb, the wife of Bartlett Lipscomb, the sum of four hundred dollars; which said sum I wish put to interest, and that (i. e. the interest) paid to said Eliza annually during the lifetime of her husband, Bartlett Lipscomb, and at his death, should she be the longest liver, then I wish the principal paid over to her, the said Eliza.”
The testator being unmarried and having no children, devised and bequeathed his estate, real and personal, to his sister and to his nieces and nephews. To all of them (except the bequest to Mrs. Lipscomb) the bequest and devises are without any condition whatever; the legacies being given absolutely and the devises of his land being in a fee simple absolute estate to the de-visees.
The question we have to determine is, what is the nature of the legacy which the testator bequeathed to his niece, Elizabeth Lipscomb? Was it an absolute gift to her, or did she take only a life estate, which, upon her death, reverted to the residuary legatee and devisee?
*The court is of opinion that the bequest to Mrs. Lipscomb was an absolute bequest of the sum of four hundred dollars; which sum, during her life, was to be held by the testator’s executor, and the interest paid by him annually to Mrs. Lipscomb, and at the death of her husband the principal to be paid over to her.
The bequest was an absolute bequest to Mrs. Lipscomb. The condition imposed by the will was not one which affected the character of the bequest, but only provided that during the life of her husband she should receive the interest, and upon his death the principal should be paid to her. But no provision is made in the will for the contingency of Mrs. Lipscomb’s death before her husband. Mrs. Lipscomb died before her husband, and the question now to be determined is, who takes the bequest upon her death. Does it pass to the residuary legatee and devisee, or does it survive to the husband?
We think it is clear that the testator/having by the third clause of his will given to his niece an absolute bequest of four hundred dollars, only limiting his executors to the payment of interest during the life of her husband, and giving the principal to her at his death, conferred upon her an absolute estate, and that at her death this legacy survived to her husband.
This construction is fully sustained by the opinion of this court in Barksdale et al. v. White et als., 28 Gratt. 224, in which this court said: “It is a settled rule in the construction of instruments, that if an estate is conveyed, an interest given, or benefit bestowed in one part by clear, unambiguous explicit words upon which no doubt could be raised, to destroy or annul that estate, interest or benefit, it is not sufficient to raise a mist or doubt from other terms in another part of the instrument. The terms to rescind or cut down the estate or interest *448 before given must be as clear and decisive as the terms by which *it was created.” There is nothing in the provisions o-f this will to limit or control the operation of the third clause of the will. The limitation in that clause as to the disposition of the interest during the life of the husband is a limitation of the quality, but not the quantity of the estate. The estate conferred is absolute, and upon the death of Mrs. Lipscomb survived to her husband, and his assignee is entitled to it.
The court is further of opinion, that it was the duty of Thomas Stark, the executor of Henry Lipscomb, to invest the fund of $400 bequeathed to Mrs. Elizabeth (or Eliza) Lipscomb, in a safe interest-bearing fund, of which she was entitled to the interest during the life of her husband, and to the principal at his death.
The court is further of opinion, that the payment by Bolivar Stark, the administrator of Thomas Stark, to William M. Turner, committee administrator of Henry Lipscomb, of this legacy of $400 in Confederate money, was, as far as the appellee is concerned, a void payment of said legacy. Mrs. Lipscomb had an absolute estate in this legacy, payable in good money; and those claiming under her are entitled to the same. And no payment by Bolivar Stark to William M. Turner in Confederate money can discharge such claim upon the said Bolivar Stark for payment in a sound currency.
The court is further of opinion, that the decree of the said circuit court, while it was correct in holding the said Bolivar Stark personally responsible, because it is shown he had in hands as administrator of Thomas Stark, sufficient assets to pay said legacy, yet said decree, instead of requiring William M. Turner (who was no party to the suit) to settle his account as administrator of said Lipscomb, ought simply to have entered said decree without prejudice to said Stark to institute his suit against the said William M. Turner, to make him liable for the *value of the Confederate money paid by Stark to said Turner.
The court is therefore of opinion that the decree of the said circuit court, after being amended in the mode herein indicated, be affirmed.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that there is no error in said decree, so far as it holds that under the third clause of the will of the testator, Henry Lipscomb, Mrs. Elizabeth Lipscomb took an absolute estate in the legacy of four hundred dollars bequeathed to her, and that upon her death the said legacy survived to her husband, and passed by his assignment to his assignee.
The court is further of opinion that there was no error in said decree declaring that the payment of $400 in Confederate money by Bolivar Stark to William M. Turner, committee and administrator de bonis non of Henry Lipscomb, was a void payment, so far as the appellee is concerned, and did not discharge said legacy; and that said Bolivar Stark is personally responsible for said legacy. But the court is of opinion that the said circuit court erred in so much of said decree as required its commissioner to ascertain and report what disposition William M. Turner, committee and administrator de bonis non of Henry Lipscomb, made of the sum of $431.30, turned over to him by Bolivar Stark, administrator of Thomas Stark.
William M. Turner was no party to the suit, and instead of directing such inquiry by one of its commissioners as aforesaid, the court should have simply decreed against said Bolivar Stark the payment of said legacy with its accumulated interest, without prejudice *to him, to institute, if he so chooses, his suit against the said William M. Turner to recover from him the value of the Confederate money paid to him by said Bolivar Stark.
The court is therefore of opinion that the said decree amended in the particular herein indicated, be affirmed; and the appellee, Miles B. Lipscomb, being the party substantially prevailing here, it is decreed and ordered that the said appellee recover against the appellant, Bolivar Stark, his costs by him expended in the defence of his appeal and supersedeas here; all of which is ordered to be certified to said circuit court.
Decree amended and affirmed.